# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                        **Case No. 10-20403**
                        **Hon. Nancy G. Edmunds**

**v.**

**D-2 BOBBY FERGUSON,**

       **Defendant.**

_____

# REPLY BRIEF IN SUPPORT OF
# DEFENDANT'S MOTION TO REDUCE SENTENCE
# PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

# TABLE OF CONTENTS

Index of Authorities....................iii

I. Argument....................1

A. Mr. Ferguson has Significant Health Conditions....................1

B. 18 U.S.C. § 3582(c)(1)(A) Does Not Require Issue Exhaustion....................2

C. This Court Should Correct an Unwarranted Sentencing Disparity....................3

D. Mr. Ferguson is Not a Danger to the Community....................3

II. Conclusion and Relief Requested....................4

# **INDEX OF AUTHORITIES**

**Case**                                                                                                                **Page**

*United States v. Brown*,
    No. 4:05-CR-00227-1, 2020 WL 2091802, at *4
    (S.D. Iowa Apr. 29, 2020)..........................................................................................2, 3

*United States v. Sama*,
    No. 19-cr-20026-GAD, 2020 WL 4474144, at *3 (E.D. Mich. Aug. 4, 2020)..2

*United States v. Williams*,
    No. 15-20462, 2020 WL 4040706, at *2 (E.D. Mich. July 17, 2020)................2

**Statutes**

18 U.S.C. § 3553(a)......................................................................................................3

18 U.S.C. § 3582(c)(1)(A).............................................................................................2

I.  **ARGUMENT**

The Government's vitriol for Mr. Ferguson was on full display in its Response. Although the Government well knows that the legitimacy of Mr. Ferguson's original sentence is not before the Court, it spent much of its Response recounting the history of Mr. Ferguson's trial and basis for the Court's original sentence. This discussion, needlessly venomous as it was, misses the mark. Indeed, rather than focusing on the merits of Mr. Ferguson's Motion, the Government chose to devote considerable energy to assassinating Mr. Ferguson's character. In that vein, the Government ignored that Mr. Ferguson has significant health conditions which expose him to greater risk from COVID-19, and in addition, that the Executive Branch created an unwarranted sentencing disparity internal to this case when it commuted Mr. Kilpatrick's sentence to time served. Mr. Ferguson's Motion should be granted.

A.  **Mr. Ferguson has Significant Health Conditions**

Mr. Ferguson's medical conditions are hardly what most people suffer from. Contrary to the Government's assertion, Mr. Ferguson does have chronic health conditions that directly bear on his heightened risk to exposure from COVID-19, including hypertension and reduced lung capacity as a result of a gunshot wound to the chest. **Exhibit One, Signed Declaration of Bobby Ferguson**. Indeed, and again contrary to the Government's assertion, hypertension (separate and apart from

1

pulmonary hypertension) is listed on the CDC website as a condition that exposes a person to greater risk from COVID-19 exposure. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited April 20, 2021). The Court should not discount Mr. Ferguson's documented health conditions that individually, and collectively, place him at higher risk should he be exposed to COVID-19.

### B.     18 U.S.C. § 3582(c)(1)(A) Does Not Require Issue Exhaustion

18 U.S.C. § 3582(c)(1)(A) contains no issue specific exhaustion requirement, which the Government seeks to impose upon him. Courts have been "generally skeptical" of the Government's argument in this regard. *United States v. Sama*, No. 19-cr-20026-GAD, 2020 WL 4474144, at *3 (E.D. Mich. Aug. 4, 2020). That is with good reason—18 U.S.C. § 3582(c)(1)(A) contains no such requirement. *Id.*, citing *United States v. Williams*, No. 15-20462, 2020 WL 4040706, at *2 (E.D. Mich. July 17, 2020) ("[T]he underlying authority and ground for the relief sought has not changed, and it would be inappropriate under the circumstances to impose any further exhaustion requirement, **which in any event is not mandated in any plain terms of the statute**") (emphasis supplied); see also *United States v. Brown*,

2

No. 4:05-CR-00227-1, 2020 WL 2091802, at *4 (S.D. Iowa Apr. 29, 2020) ("**[I]ssue exhaustion is inappropriate because § 3582 contains no such requirement** and BOP compassionate release requests are not adversarial proceedings.") (emphasis supplied).

Here, Mr. Ferguson asked the Warden at FCI Elkton for compassionate release, and his request was denied. Mr. Ferguson waited over 30 days, and brought his Motion before the Court. Thus, Mr. Ferguson's request for compassionate release is fully exhausted, and the Court should not impose a non-existent issue exhaustion requirement.

### C. This Court Should Correct an Unwarranted Sentencing Disparity

18 U.S.C. § 3553(a) counsels against unwarranted sentencing disparities, both internal and external to a case. As part of addressing Mr. Ferguson's Motion, the Court is required to address the § 3553(a) factors and whether they support release. Here, the Government suggests that, despite knowing Mr. Kilpatrick's sentence would be fixed at 7 years, the Court should leave Mr. Ferguson with a sentence three times that amount (21 years). This turns proportionality on its head, and would result in an enormous (though avoidable given the Court's power) unwarranted internal sentencing disparity, contrary to 18 U.S.C. § 3553(a)(6).

3

### D. Mr. Ferguson is Not a Danger to the Community

Mr. Ferguson was on bond for several years before this Court (and one other District Court in the Eastern District of Michigan) without so much as an alleged violation, which demonstrates his willingness and ability to follow the Court's directives. Moreover, Mr. Ferguson's criminal history was taken into account at the time of sentencing, and there is no basis to punish him all over again for past-considered conduct. The Government also ignores Mr. Ferguson's pristine prison record, and his placement in a low security facility. Certainly, the Bureau of Prisons does not consider Mr. Ferguson a security risk, and neither should this Court.

## II. CONCLUSION AND RELIEF REQUESTED

Mr. Ferguson suffers from significant health conditions (hypertension, high cholesterol, and diminished lung capacity) that greatly increase his risk to exposure from COVID-19. In addition, Mr. Ferguson's sentence was too long as compared with other defendants around the country, and it is now too long as compared with his co-defendant, Mr. Kilpatrick. The Court has the power to change Mr. Ferguson's sentence. The Court should reduce Mr. Ferguson's prison term to time served, and impose reasonable conditions upon his release.

4

                              Respectfully submitted,

                              <u>*s/Gerald K. Evelyn*</u>
                              GERALD K. EVELYN (P29182)
                              ROBERT E. HIGBEE (P82739)
                              Counsel for Defendant
                              535 Griswold, Suite 1000
                              Detroit, MI 48226
                              (313) 962-3500

                              <u>*s/Michael A. Rataj*</u>
                              MICHAEL A. RATAJ (P43004)
                              Co-counsel for Defendant
                              500 Griswold, Suite 2450
                              Detroit, MI 48226
                              313-963-4529

Dated:  April 20, 2021

## **CERTIFICATE OF SERVICE**

Robert E. Higbee hereby states that on April 20, 2021, I electronically filed *Reply Brief in Support of Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) and Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such to the United States Attorney's office.

<div style="text-align:right">

*s/Robert E. Higbee*
Robert E. Higbee

</div>